United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10955
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRI ROCHA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CR-1-ALL-R
--------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Henri Rocha pleaded guilty in the Western District of Texas
to possession with intent to distribute marijuana, in violation
of 21 U.S.C. § 841(a)(1), and was sentenced to 10 months in
prison and two years of supervised release. His supervised
release term commenced in August 2003 but was revoked in July
2004. The district court imposed a revocation sentence of 24
months. Rocha now appeals, contending that the sentence is
unlawful.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rocha's 24-month sentence is the maximum term of imprisonment that may be imposed upon revocation of a term of supervised release from a Class D felony. See 18 U.S.C. § 3583(e)(3). The Government contends that Rocha's underlying marijuana offense was a Class D felony, but Rocha argues, based on his 10-month underlying sentence, that it was a Class A misdemeanor, or, at most, a Class E felony. There is nothing properly in the record from which we may determine the classification of Rocha's offense, which is necessary to determine the maximum authorized revocation sentence. See 18 U.S.C. §§ 3559(a), 3583(e). The Government has supplemented the record with the Statement of Reasons from Rocha's underlying judgment, but this document does not indicate the statutory maximum sentence for Rocha's offense from which the classification under 18 U.S.C. § 3559(a) may be inferred. We note also that the district court did not discuss at the revocation sentencing the classification of Rocha's underlying offense or the suggested sentencing guideline range.

Given the lack of clarity in the record, we REMAND to the district court for the limited purpose of making findings as to Rocha's offense of conviction, i.e. what provision of 21 U.S.C. § 841(b) supported the conviction, the statutory maximum sentence, and the classification of the underlying offense. See FED. R. APP. P. 10(e)(2)(C). This court retains jurisdiction

of the appeal during the pendency of the limited remand.  <u>See</u>

<u>Wheeler v. City of Columbus</u>, 686 F.2d 1144, 1154 (5th Cir. 1982).

LIMITED REMAND.